**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THEODOR A. PERRONE, #K3983**                                        **PETITIONER**

**VERSUS**                                                              **NO. 1:08cv00071-HSO-JMR**

**LAWRENCE KELLY**                                              **RESPONDENT**

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Respondent's Motion [8-1] to Dismiss filed on April 29, 2008. Petitioner, Theodor Perrone, filed a Response [9-1] to Respondent's Motion [8-1] on May 19, 2008. Having considered the Respondent's Motion [8-1], and Petitioner's Response [9-1], along with the entire record and the applicable law, this Court finds that Respondent's Motion [8-1] is well-taken and should be granted. Accordingly, Perrone's petition in the above-captioned action should be dismissed.

**PROCEDURAL HISTORY**

On February 19, 1998, Theodor Perrone was arrested in Louisiana on five charges. *See* Exhibit "E" attached to Respondent's Motion [8-1] to Dismiss. Shortly thereafter, authorities in Mississippi placed a detainer on Perrone for related charges. On November 9, 1998, Perrone signed a Waiver of Extradition. *See* Exhibit "D" attached *Id*. Perrone was transferred from St. Tammany Parish Jail to Pearl River County Jail on February 17, 1999. On August 15, 2000, Theodor Perrone pled guilty to one count of Statutory Rape in the Circuit Court of Pearl River County, Mississippi. Perrone was sentenced on September 1, 2000 to serve thirty years in the custody of the Mississippi Department of Corrections, with twenty years suspended.

On June 3, 2005, Perrone filed a Petition to Clarify Sentence with the Pearl River County

Circuit Court, which was dismissed as time barred. *See* Exhibit "E" attached to Petition. On January 8, 2008, Perrone filed a request to proceed in the Mississippi Department of Corrections Administrative Remedies Program. *See* Exhibit "C" attached to Respondent's Motion [8-1] to Dismiss. As a result of this request, Perrone was given credit for one hundred (100) days served in custody in the State of Louisiana. *Id.* Those days were from November 9, 1998, the date Perrone signed his Waiver of Extradition, to February 17, 1999, the date he was actually transferred to the custody of the State of Mississippi. On February 20, 2008, Perrone signed a Petition for Writ of *Habeas Corpus*. The Petition was filed on February 29, 2008. In his Petition, Perrone seeks credit for the time served in Louisiana from February 19, 1998, the date of his arrest, to November 9, 1998, the date he signed the Waiver of Extradition.[1]

## ANALYSIS

The AEDPA provides that, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a petitioner's federal *habeas* petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations is subject to tolling for the period when a properly filed motion for post conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2); *see, e.g. Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998).

Mississippi state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. However, the Mississippi Supreme Court has created an exception permitting a defendant to appeal the *legality of his sentence* within thirty days of the imposition of that sentence. *Acker v. State,* 797 So.2d 966 (Miss. 2001). Therefore, Perrone's convictions and sentences became final on October 1, 2000, thirty days after he was sentenced on

---

[1] Perrone claims that his ten-year sentence began to run upon his arrest in Louisiana on February 19, 1998, and thus he should have been released on February 19, 2008, rather than on his scheduled release date of November 6, 2008.

his guilty plea. *See Boyett v. Waller,* 2006 WL 3206082, *1 (N.D.Miss. 2006). Thus, unless Perrone complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state Petition for Post-Conviction Relief challenging his conviction or sentence for Statutory Rape must have been filed before October 1, 2001, in order to toll the limitation period. *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). A review of the record indicates that Perrone did not file a Motion for Post-Conviction Relief.[2] Therefore, Perrone failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Perrone "filed" his petition was on February 20, 2008, the date it was signed. This date is 2,334 days, or over six (6) years past the October 1, 2001 deadline for filing his federal *habeas* petition. Perrone's failure to file his petition within the statutory deadline warrants dismissal of his petition.

However, Perrone argues that the exceptional circumstances of his case should allow him to benefit from equitable tolling. Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Essentially, Perrone claims that it would have been improper for him to file a petition claiming that he was being detained

---

[2] The record indicates that Perrone filed a Petition to Clarify Sentence to the Pearl River County Circuit Court. However, the Circuit Court specifically found that Perrone's petition did not fall within the Mississippi Uniform Post-Conviction Collateral Relief Act. Assuming, *arguendo*, that Perrone's petition did qualify as a properly filed Petition for Post-Conviction Relief, the record indicates that Perrone filed the Petition on June 3, 2005 - some 1341 days after the October 1, 2001 deadline for filing federal *habeas* petition.

beyond his release date before February 19, 2008, the time he calculated to be his true release date, as he would be asking for relief for an injury that had not yet occurred.

The Court is not persuaded that the circumstances of Perrone's claim are sufficiently extraordinary or unusual as to warrant equitable tolling. First, Perrone's argument that it would have been improper to file the petition before his alleged release date is refuted by his previous actions. The record is clear that Perrone twice sought an adjustment of his sentence prior to February 19, 2008. The record indicates that Perrone filed a petition with the Pearl River County Circuit Court seeking credit for time served on June 3, 2005. Additionally, Perrone filed a request for time served through the Mississippi Department of Corrections Administrative Remedies Program on January 8, 2008. There is not merit to this argument.

Furthermore, Perrone cannot argue that he did not discover the alleged error in his sentencing until February 19, 2008. Assuming, *arguendo*, that Perrone was initially unaware that he was not given credit for the time served from the date of his arrest in Louisiana until he signed the Waiver of Extradition, Perrone should have realized the alleged error in his sentence when the Pearl River County Circuit Court denied his Petition to Clarify Sentence on June 3, 2005. However, the record indicates that Perrone did not file his *habeas* petition until February 20, 2008. There is no explanation for Perrone's thirty-two month delay in filing his *habeas* petition. "A garden variety claim of excusable neglect does not support equitable tolling." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Accordingly, the Court finds that Perrone's Petition is time-barred by § 2244(d).

Although Perrone's Petition for a Writ of *Habeas Corpus* was untimely filed, the Court, out of an abundance of caution, will address the merits of Perrone's claim. In his petition, Perrone alleges that his sentence should have been credited for time served in Louisiana. Specifically,

Perrone seeks credit for the time between his arrest on February 19, 1998 and November 9, 1998, the date he signed the Waiver of Extradition - a period of approximately 264 days.

Miss. Code Ann. § 99-19-23 states, in pertinent part, "The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge . . . shall be applied on any sentence rendered by a court of law. . . ." However, the record indicates that Perrone was arrested in Louisiana for five charges that, while related to, were separate from the charge of Statutory Rape pending in Mississippi. *See* Exhibit "E" attached to Respondent's Motion [8-1] to Dismiss. Because Perrone was detained in Louisiana on separate charges, Perrone's argument is foreclosed by *Taylor v. State*, 726 So.2d 227 (Miss. Ct. App. 1998).

The facts of *Taylor v. State* are remarkably similar to Perrone's present circumstances. During April of 1996, Taylor was serving time in Washington Parish Jail, Louisiana on an unrelated charge. *Id.* at 227. Taylor was also awaiting trial on two additional Louisiana charges. *Id.* On April 3, 1996, Mississippi authorities placed a detainer on Taylor for Mississippi charges separate from Taylor's Louisiana crimes. *Id.* Taylor executed a waiver of extradition on August 13, 1996, and was transferred to Mississippi and sentenced on August 15, 1996. *Id.* Taylor then sought 105 days credit for time served awaiting extradition to Mississippi. *Id.* at 227-28. The Court of Appeals concluded:

> To allow crediting of time served in another state while an accused is awaiting extradition to Mississippi on criminal charges is to create the incentive for the accused to pick and chose between his current incarceration and the potential incarceration awaiting him in our State 'knowing that any time spent in jail in such state would be credited to any sentence received by him upon conviction.

*Id*. at 228 (quoting Holland v. State, 418 So.2d 73, 74 (Miss. 1982)). The Court of Appeals noted that during his incarceration in Louisiana, Taylor was either serving his original sentence or being held on

the two Louisiana charges currently pending against him. Therefore, Taylor was only entitled to credit for the time served between the date he signed the waiver of extradition and the date he was sentenced. *Taylor*, 726 So.2d at 228.

The Court finds that Perrone is not entitled to credit for time served between the date of his arrest and the date he signed the Waiver of Extradition. Perrone was arrested in Louisiana on February 19, 1998, and awaiting trial on five separate charges. Therefore, for purposes of Miss. Code Ann. § 99-19-23, Perrone's Mississippi sentence did not commence to run until he signed a formal Waiver of Extradition on November 9, 1998. Accordingly, this issue is without merit.

## **CONCLUSION**

By operation of the AEDPA, Perrone's conviction became final on October 1, 2000. Thereafter, Perrone had one year or until October 1, 2001, to file a federal petition for a writ of *habeas corpus*. At the earliest, Perrone filed his federal *habeas* petition on February 20, 2008, some 2,334 days past the October 1, 2001 deadline. Furthermore, this Court finds that Perrone is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Perrone's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d), or in the alternative, on the merits.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to

proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the     20th     day of August, 2008.

                                             s/ John M. Roper, Sr.

                                        CHIEF UNITED STATES MAGISTRATE JUDGE